UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

DENISE P. JACKSON,

        Plaintiff,

- against -

PAUL ROBESON HIGH SCHOOL,
IRA WESTON, and BARBARA GATTI,

        Defendants.
----------------------------------------------------------X

MEMORANDUM AND ORDER
1:06-cv-01255-ENV-LB

**VITALIANO, D.J.**

*Pro se* plaintiff Denise P. Jackson ("Jackson") brings this action against defendants Paul Robeson High School ("PRHS"), Ira Weston ("Weston"), and Barbara Gatti ("Gatti") alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 *et seq.* ("ADEA"). Defendants PRHS, Weston, and Gatti now move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that plaintiff failed to file this action within 90 days of receiving her right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"), as required by 42 U.S.C. § 2000e-5(f)(1) and 29 U.S.C. § 626(d), and thus fails to state a claim upon which relief can be granted. For the reasons set forth below, defendants' motion to dismiss the complaint in its entirety is granted.

## I. BACKGROUND

Jackson, a former probationary teacher with the New York City Board of Education ("BOE"), filed a charge of discrimination with the EEOC on April 14, 2005. In her EEOC charge,

Jackson alleged that PRHS had discriminated against her in the terms and conditions of her employment on the basis of her race ("black"), religion ("Catholic"), national origin ("native New Orleanian"), age (49), and disability ("peri-menopausal").[1] In a "Dismissal and Notice of Rights" letter (also known as a "right-to-sue" letter) dated September 1, 2005, the EEOC informed Jackson that, "based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes [*i.e.*, Title VII and the ADEA]. This does not certify that the respondent is in compliance with the statutes." The EEOC's letter additionally informed Jackson of the following:

> This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based upon this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**, or your right to sue based on this charge will be lost.

(emphasis in original). Jackson states that she received the above-referenced letter at her apartment in Brooklyn, New York on September 7, 2005. Compl. ¶ 12.

On March 20, 2006, Jackson filed the instant action *pro se* to vindicate the very claims that were the subject of the EEOC's September 1, 2005 right-to-sue letter. Jackson concedes, in a handwritten letter filed contemporaneously with her complaint, that she was aware that a complaint had to be filed within 90 days of her receipt of that letter on September 7, 2005, and that this deadline had long passed by the date this complaint was filed with the Court. Jackson argues, nevertheless, that an extension of the statutory filing deadline is warranted for several reasons. First, Jackson notes that she was in Los Angeles "the week of August 29, 2005" assisting her

---

[1] More specifically, Jackson alleged that defendant Gatti, the Assistant Principal of English at PRHS, had subjected her to "different terms and conditions of employment in regards to time and attendance, bathroom breaks, assignments, and assistance" and that defendant Weston, PRHS's Principal, later failed to address her complaints concerning these incidents. *See* Compl. at 14 (annexing EEOC Charge of Discrimination).

parents in conjunction with medical treatment her father was about to receive. Second, Jackson asserts that she is originally from New Orleans and was, along with her entire family, "devastated" by the aftereffects of Hurricane Katrina. Third, Jackson claims that an attorney with whom she had consulted regarding this case "waited until the 90-day time period had ended to tell [her] that he would not take [the] case." Finally, Jackson asserts in her response to the defendants' motion to dismiss that, regardless of this Court's ultimate decision, her "request for equitable tolling of the 90-day time period" has already "been granted" by the EEOC.[2] Pl.'s Aff. in Opp. ¶¶ 7-8.

## II. DISCUSSION

### A. Legal Standard for Motion to Dismiss Under Rule 12(b)(6)

A district court may grant a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim only if it appears beyond doubt that the nonmoving party could prove no set of facts that would entitle it to relief or if the claim is not legally feasible. *See, e.g., Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, L.L.P.*, 322 F.3d 147, 158 (2d Cir. 2003); *Stamelman v. Fleishman-Hillard, Inc.*, No. 02-cv-8318, 2003 WL 21782645, at *2 (S.D.N.Y. July 31, 2003). Thus, the task of the court in ruling on a 12(b)(6) motion is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence that might be offered in support thereof." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 176 (2d Cir. 2004)(citing *Geisler v. Petrocelli*, 616 F.2d

---

[2] Although it is not clear from Jackson's submissions what exactly she means by this statement, she is apparently referring to the fact that the EEOC allowed her to file another Charge of Discrimination against PRHS for retaliation following her termination on February 6, 2006. Because a determination on this new charge had not yet been issued as of the date of her affidavit in opposition to the motion, August 11, 2006, plaintiff is ostensibly arguing that the EEOC's then-pending consideration of her new claim should somehow toll the 90-day limitations period referenced in the right-to-sue letter issued by the EEOC on September 1, 2005 in response to her first charge of discrimination. *See generally* Pl.'s Aff. in Opp. ¶ 7.

3

636, 639 (2d Cir. 1980)). When deciding a motion to dismiss, the court must accept factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Ontario Pub. Serv. Employees Union Pension Trust Fund v. Nortel Networks Corp.*, 369 F.3d 27, 30 (2d Cir. 2004). In addition to the complaint, in deciding a Rule 12(b)(6) motion, a court may also consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. *See, e.g.*, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); *Int'l Audiotext Network, Inc. v. AT & T Co.*, 62 F.3d 69, 72 (2d Cir. 1995).

It should also be noted that where, as here, a plaintiff is proceeding *pro se*, a court must "read the [*pro se* papers] liberally and 'interpret them to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999)(quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)); *see also Hughes v. Rowe*, 449 U.S. 5, 9 (1980)(noting that *pro se* submissions should be held to "less stringent standards than formal pleadings drafted by lawyers"). Nonetheless, the fact that a litigant is *pro se* "does not exempt [that] party from compliance with relevant rules of procedural and substantive law." *Amnay v. Del Labs*, 117 F. Supp. 2d 283, 285 (E.D.N.Y. 2000)(quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## B. Title VII and ADEA Filing Deadlines

Under Title VII and the ADEA, a party alleging employment discrimination must file a charge of discrimination with the EEOC or "a State or local agency with authority to grant or seek relief from such practice" within 300 days of the alleged act(s) of discrimination. 42 U.S.C. § 2000e-5(e) (Title VII); 29 U.S.C. § 626(d) (ADEA); *see also Holtz v. Rockefeller & Co.*, 258 F.3d

4

62, 82-83 (2d Cir. 2001). Title VII further provides that if the EEOC dismisses such a charge, or fails to file a civil action or enter into a conciliation agreement within the applicable time limitations, the EEOC "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought [by the party] against the respondent named in the charge." 42 U.S.C. § 2000e-5(f)(1). Unlike Title VII, the ADEA does not require that a right-to-sue letter be issued by the EEOC before a plaintiff may bring a suit in federal court. *Compare* 29 U.S.C. § 626(d)-(e) *with* 42 U.S.C. § 2000e-5(e)-(f); *see also* Hodge v. New York Coll. of Podiatric Med., 157 F.3d 164, 168 ("[w]hereas Title VII plaintiffs must receive a 'right-to-sue' letter from the EEOC before filing suit in court . . . ADEA plaintiffs need only wait 60 days after filing the EEOC charge"). However, in the event that the EEOC does issue such a right-to-sue letter to an ADEA claimant, such claimant similarly must file his or her federal suit within 90 days of receipt of the right-to-sue letter. 29 U.S.C. § 626(d); *see also* Holowecki v. Fed. Exp. Corp., 440 F.3d 558, 563 (2d Cir. 2006). Generally, this 90-day period commences running on "the day the notice is received by someone at the claimant's residence." Rasmussen v. Sigma Corp. of America, 27 F. Supp. 2d 388, 392 (E.D.N.Y. 1998)(citing Griffin v. Prince William Hospital Corp., 716 F. Supp. 919, 921 (E.D.Va. 1989)); *see also* Espinoza v. Missouri Pac. R.R. Co., 754 F.2d 1247, 1249 (5th Cir. 1985)("the giving of notice to the claimant at the address designated by him suffices to start the ninety-day period unless the claimant, through no fault of his own, failed to receive the right-to-sue letter or unless, for some other equitable reason, the statute should be tolled until he actually receives notice").

Once this statutory 90-day limitations period has passed, a suit is considered time-barred and, in most cases, must be summarily dismissed by the district court. Indeed, "in the absence of a recognized equitable consideration, the court cannot extend the limitations period by

5

even one day." *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984); *see also Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)(holding that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants"); *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)(similarly noting that even though a plaintiff's plight may be sympathetic, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law"); *Million v. Frank*, 47 F.3d 385, 388 (10th Cir. 1995)(citing *Lewis v. Conners Steel Co.*, 673 F.2d 1240, 1242 (11th Cir. 1982)("[i]f the rule were otherwise, a plaintiff would be permitted to 'enjoy a manipulable, open-ended time extension which could render the statutory limitation meaningless'"). Accordingly, courts strictly enforce the 90-day limitations period, even in cases in which the plaintiff is proceeding *pro se*. *See, e.g., Toolan v. Bd. of Educ. of City of New York*, No. 02-cv-6989, 2003 WL 22015437, at *2 (S.D.N.Y. Aug. 25, 2003)(dismissing a *pro se* plaintiff's complaint because "although she was only one day late, she was still late"); *Sanchez v. National Cleaning Co.*, 11 F. Supp. 2d 453, 455 (S.D.N.Y. 1998)(dismissing *pro se* plaintiff's complaint as untimely when it was filed 92 days after the receipt of the right to sue letter).

However, because Congress intended that the timely filing requirement serve "more as a statute of limitations than as a jurisdictional prerequisite," the filing deadline is therefore subject, at the discretion of the court, "to equitable modification or estoppel" if circumstances so justify. *Dillman v. Combustion Eng'g, Inc.*, 784 F.2d 57, 59 (2d Cir. 1986) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 395 n.11 (1982)); *see also Johnson*, 731 F.2d at 146 (noting that the "remedial purpose of the [civil rights] legislation as a whole would be defeated if aggrieved plaintiffs were absolutely barred from pursuing judicial remedies by reason of excusable failure to

meet the time requirement")(internal citations omitted). Such equitable tolling can be invoked in order to prevent injustice to a plaintiff only in "rare and exceptional circumstances"; *i.e.*, where a party "was prevented in some extraordinary way from exercising his [or her] rights." *Zerelli-Edelglass v. New York City Trans. Auth.*, 333 F.3d 74, 80 (2d Cir. 2003)(internal citations omitted); *Elgendy v. City of New York*, No. 99-cv-5196, 2000 WL 1119080, at *3 (S.D.N.Y. Aug. 7, 2000)(noting that courts should exercise their discretion to grant equitable tolling in Title VII and ADEA cases only "sparingly"). When determining whether equitable tolling is appropriate, a district court must consider whether the person seeking application of the equitable tolling doctrine 1) has "acted with reasonable diligence during the time period she seeks to have tolled," and 2) has proved that the circumstances are so extraordinary that the doctrine should apply. *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002). Examples of situations in which courts have found equitable tolling to be warranted include where a claimant diligently pursued judicial remedies but filed a defective pleading during the relevant time period, *see Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); where a claimant was unaware of his cause of action due to the misleading conduct of his employer, *see Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir. 1985); where a motion for appointment of counsel was pending, *see Harris v. Walgreen's Distrib. Ctr.*, 456 F.2d 588, 591-92 (6th Cir. 1972); and where a plaintiff had demonstrated that a documented medical or physical impairment prevented him or her from proceeding in a timely fashion, *see Brown v. Parkchester S. Condos.*, 287 F.3d 58, 60 (2d Cir. 2002) *and Canales v. Sullivan*, 936 F.2d 755, 758 (2d Cir. 1991).

C. <u>Jackson's Request for Equitable Tolling</u>

In the instant case, Jackson does not dispute that her complaint, which was filed on March 20, 2006 - 194 days after her September 7, 2005 receipt of the EEOC's right-to-sue letter - is untimely. It is thus time-barred under 42 U.S.C. 42 U.S.C. § 2000e-5(f)(1) and 29 U.S.C. § 626(d). So her tack is, as it must be, to petition that her noncompliance be excused by the Court. This Court, however, finds that Jackson has failed to demonstrate that equitable tolling is warranted under the circumstances she advances as grounds for excuse.

Jackson's first two excuses -that she was in Los Angeles assisting her parents the week of August 29, 2005 and that she was affected by Hurricane Katrina - are insufficient because both of these events occurred prior to September 7, 2005, the date on which she concedes that she received the EEOC's right-to-sue letter at her apartment in Brooklyn, New York. Jackson puts forth no facts whatsoever indicating that these circumstances caused either a delay in the receipt of the letter or her ability to timely file within the 90-day limitations period that began running on September 7, 2005.[3] See <u>Valverde v. Stinson</u>, 224 F.3d 129, 134 (2d Cir. 2000)(noting that the plaintiff bears the burden of "demonstrat[ing] a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing"). Moreover, with regard to Hurricane Katrina, this Court notes that a national disaster does not, in itself, mitigate the "due diligence" requirement of the doctrine of equitable tolling. See <u>Williams v. New York City Transit Auth.</u>, No. 01-cv-10933, 2003 WL 21673560, at *3 (S.D.N.Y. July 14, 2003)(declining to apply

---

[3] The Court notes that Jackson was not in the area affected by Hurricane Katrina at the time the limitations period expired in December 2005. See generally Compl.; Pl.'s Aff. in Opp. The Court also notes that the plaintiff concedes that she was specifically told by an employee of the EEOC in October 2005, prior to the expiration of the limitations period, that her time to file this suit likely could not be extended "even with the devastating factors of Hurricane Katrina." Pl.'s Aff. in Opp. ¶ 6.

8

equitable tolling to a *pro se* plaintiff who claimed to have untimely commenced a discrimination action because of the events surrounding September 11, 2001); *see also* Valverde, 224 F.3d at 134 (further noting that "[i]f the person seeking the equitable tolling has not exercised reasonable diligence in attempting to file *after the extraordinary circumstances began*, the link of causation between the [alleged] extraordinary circumstances is broken, and the extraordinary circumstances therefore did not prevent timely filing")(emphasis in original). Hence, "[i]n a case where the alleged extraordinary circumstances ceased early in the limitations period, we inquire whether the petitioner diligently pursued his application in the time remaining." Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001). Such is the case here.

Jackson's third excuse - that an attorney with whom she had consulted regarding her complaints against PRHS, Weston, and Gatti waited until the limitations period had expired to tell her that he did not want to take her case - is similarly unavailing. The EEOC's September 7, 2005 right-to-sue letter clearly warned Jackson, in bold type, that if she wished to proceed with a lawsuit against these parties, "your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**, or your right to sue based on this charge will be lost." Yet, despite knowing that this deadline was rapidly approaching, Jackson did not take steps to secure another attorney or to file the case on her own prior to the deadline, as a person acting with reasonable diligence certainly would have done. Because "a plaintiff's failure to act diligently is not a reason to invoke equitable tolling,"[4] South v. SAAB Cars USA, Inc., 28 F.3d 9, 12 (2d Cir. 1994), Jackson's third excuse fails as well. *See also* Manley v. New York City Police Dep't, No. 05-cv-679, 2005 WL 2664220, at *3

---

[4]Moreover, the Court notes that, similarly, "lack of diligence on the part of a plaintiff's attorney" is not a valid basis for which a court may invoke equitable tolling. Elgendy, 2000 WL 1119080 at *3 (citing Irwin, 498 U.S. at 96).

9

(E.D.N.Y. Oct. 19, 2005)(similarly declining to grant *pro se* plaintiff's request for equitable tolling despite his excuse that, at the time the limitations period expired, he had requested but not yet received clarification from an attorney as to how the 90-day limitations period worked). Moreover, plaintiff's consultation with an attorney and her request that he commence a lawsuit on her behalf against defendants undercuts the validity of the first two excuses which, essentially, allege that she was unable to take any meaningful action to protect her rights because of extraordinary circumstances. Indeed, plaintiff's affidavit swears she "visited with [the attorney] several times in his office which is located a considerable distance from plaintiff's abode." Pl.'s Aff. in Opp. ¶ 5.

Finally, there is the issue of whether any act taken by the EEOC has already effected a tolling of the statute. First of all, there is no merit to plaintiff's assertion that the EEOC has already granted her request for equitable tolling with regard to this particular action. The basis for plaintiff's argument on this score refers to action actually taken by the EEOC on a new claim brought by plaintiff.[5] Second, even assuming, *arguendo,* that an EEOC employee had made such a representation to Jackson, the EEOC has no authority to toll the statutory limitations period. *See Brice v. Sec'y of Health and Human Servs.,* 240 F.3d 1367, 1374 (Fed. Cl. 2001)(noting that equitable tolling, by its very definition, is a matter of judicial prerogative). What is left to plaintiff is an argument that some action of the EEOC justifies an equitable tolling of the statute by judicial determination as opposed to administrative prerogative. But, even if equitable tolling could ever be appropriately based on misinformation rendered by an agency employee when the government is not the party defendant, *see, e.g., Harrison v. Potter,* 323 F. Supp. 2d 593, 601 (S.D.N.Y.

---

[5]The only proof offered by plaintiff to support this proposition is an April 19, 2006 letter from an EEOC mediator, attached to her affidavit as Exhibit I, which informs Jackson that "the above referenced case is no longer eligible for mediation . . . ." On its face, the letter was sent to her by the EEOC in connection with a new but related, if not identical, claim not now before this Court. *See generally* note 2, *supra.*

2004)(citing <u>Long v. Frank</u>, 22 F.3d 54, 59 (2d Cir. 1994))(noting that application of the doctrine of "equitable tolling is usually reserved for those instances involving 'affirmative misconduct' of the opposing party," not a government agency), plaintiff fails to establish the offering of any erroneous or misleading information upon which she relied to her detriment. The "faulty" information identified in plaintiff's motion papers to support her argument was the advice allegedly given to her in October 2005 that the statute of limitations could **not** be extended as a result of the Hurricane Katrina catastrophe. Pl.'s Aff. in Opp. ¶ 6. In other words, the allegedly erroneous information could not have lulled her into a false sense of security that caused her to miss the statutory deadline. If anything, it should have chastened her to re-double her efforts to comply with the deadline of which she was obviously well aware - otherwise there would have been no cause to discuss extending it - and which had not yet run at the time the allegedly erroneous information had been conveyed to her.

### III. CONCLUSION

In sum, none of the explanations that Jackson proffers, even if true, rise to the level of the kind of extraordinary circumstances that the Second Circuit has held may warrant relief from the limitations period prescribed under Title VII and the ADEA. Plaintiff also has not shown that she acted with reasonable diligence in pursuing her legal remedies. Indeed, the EEOC clearly advised Jackson that she would lose her right to sue by waiting more than 90 days to file a lawsuit arising out of these particular facts, and Jackson cannot blame anyone but herself for her lack of diligence in ignoring this unambiguous advice and waiting over 100 days after her time had expired to file this action. "One who fails to act diligently cannot invoke equitable principles to excuse that lack

of diligence." <u>Baldwin County Welcome Ctr.</u>, 466 U.S. at 151. Accordingly, under these circumstances there is no sound basis for the Court to toll the limitations period and Jackson's complaint is, therefore, dismissed as to all defendants on their Rule 12 motion as time-barred under 42 U.S.C. § 2000e-5(f)(1) and 29 U.S.C. § 626(d).

Since this ruling is dispositive of the entire case, the Court need not consider the remaining grounds defendants advance in support of their motion to dismiss.

The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal of this order would not be taken in good faith. Therefore, *in forma pauperis* status is denied for purpose of an appeal.

The Clerk of the Court is directed to close this case.


SO ORDERED.

DATED: Brooklyn, New York
December 6, 2006

/s/
_____
ERIC N. VITALIANO
United States District Judge

12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DENISE P. JACKSON,

    Plaintiff,

- against -

PAUL ROBESON HIGH SCHOOL,
IRA WESTON, and BARBARA GATTI,

    Defendants.

-----------------------------------------------------------X

**MEMORANDUM AND ORDER**
1:06-cv-01255-ENV-LB

**VITALIANO, D.J.**

Pursuant to the Court's order of December 6, 2006 dismissing the complaint, it is,

ORDERED, ADJUDGED AND DECREED: That the action is hereby dismissed for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal of this order would not be taken in good faith. Therefore, *in forma pauperis* status is denied for purpose of an appeal.

SO ORDERED.

DATED:  Brooklyn, New York
     December 6, 2006

              /S/
              ERIC N. VITALIANO
              United States District Judge